**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FON ROGERS, II, Trustee and
Beneficiary for Lon B. Rogers
Bradshaw Trust #2,
Plaintiff-Appellee,

and

THAMES DEVELOPMENT, LTD.,
Plaintiff,

v.

THE PITTSTON COMPANY; JEWELL

RIDGE COAL CORPORATION,
Defendants-Appellants,

No. 95-1721

and

JEWELL SMOKELESS COAL
CORPORATION; VANSANT COAL
CORPORATION; MARYLON R. GLASS;
MARTHA R. PLASTER; JEWELL
RESOURCES CORPORATION,
Defendants.

FON ROGERS, II, Trustee and
Beneficiary for Lon B. Rogers
Bradshaw Trust #2,
Plaintiff-Appellant,

and

THAMES DEVELOPMENT, LTD.,
Plaintiff,

v.

THE PITTSTON COMPANY; JEWELL

RIDGE COAL CORPORATION,
Defendants-Appellees,

No. 95-1776

and

JEWELL SMOKELESS COAL
CORPORATION; VANSANT COAL
CORPORATION; MARYLON R. GLASS;
MARTHA R. PLASTER; JEWELL
RESOURCES CORPORATION,
Defendants.

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CA-92-19-A, CA-92-27-A)

Argued: April 1, 1996

Decided: April 30, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded with instructions by
unpublished per curiam opinion.

2

**COUNSEL**

**ARGUED:** Wade Wallihan Massie, PENN, STUART, ESKRIDGE & JONES, Abingdon, Virginia, for Appellants. James R. Cox, HIRN, DOHENY, REED & HARPER, Louisville, Kentucky, for Appellee.
**ON BRIEF:** Stephen M. Hodges, PENN, STUART, ESKRIDGE & JONES, Abingdon, Virginia, for Appellants. Robert F. Houlihan, Jr., William L. Montague, Jr., STOLL, KEENON & PARK, Lexington, Kentucky, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Jewell Ridge Coal Company ("Jewell Ridge") and The Pittston Company, appeal the district court's decision, following a bench trial, granting damages to appellee, Fon Rogers, II, for Jewell Ridge's breach of the fair mining proportion clause of a coal lease contract. The district court determined that the fair mining proportion clause included in a 1955 lease agreement and incorporated by reference into the 1970 lease agreement between Lon Rogers and Jewell Ridge that is at issue in this case was ambiguous. After consideration of parole evidence, the court determined that the intent of the parties was that Jewell Ridge was required to mine Rogers' coal on a "substantially equal" basis with coal located on the adjacent property belonging to Pocahontas Mining Corporation ("PMC"). J.A. at 921, 923-24. From 1987 until the time of trial, Jewell Ridge mined 1,078,901 tons of coal from PMC's property and no coal from Rogers' property. Accordingly, the district court determined that the appellants breached the contract and awarded Rogers damages in the amount of $639,458.19, plus interest.**1** The district court arrived at its

_____

**1** The district court also rejected numerous other arguments raised by Jewell Ridge in defense, including that recovery was barred by the stat-

3

calculation by multiplying the total tonnage mined by Jewell Ridge (1,078,901 tons) by the applicable royalty rate.

We have carefully considered the arguments raised by the parties in their briefs and at oral argument with respect to the district court's determination that Jewell Ridge had in fact breached the fair mining proportion clause and that Rogers was entitled to recovery, and we affirm the decision of the district court to award damages on the reasoning of that court. However, the district court's calculation of damages based on the full amount of the difference between the coal mined on Rogers' property and the coal mined on PMC's property, rather than on half the difference, was in error. Calculating damages based on half the difference achieves the contractual requirement that the coal be mined on an equal basis. If Rogers is awarded damages based on the entire difference, he will be put in a better position than if the contract had not been breached and will in effect be awarded double damages.[2]

We also reverse the district court's decision with respect to the timing of recoupment of the damages. Both parties agree that Jewell Ridge should be permitted to recoup its damages, since the coal on which the damages are based remains in the ground, but the parties disagree over the timing of recoupment. The district court determined that recoupment should be allowed on the last coal mined from Rogers' property, reasoning that allowing immediate recoupment would deprive Rogers of the benefit of his bargain. J.A. at 924 n.9. This determination was in error. Rogers was awarded interest on the total amount of damages and thus was made whole for Jewell Ridge's breach. We find nothing in the coal lease or damages law that sug-

_____

ute of limitations, that Rogers was equitably estopped from asserting a breach of the fair mining proportion clause, and that Rogers' voluntary dismissal of his claims against another defendant barred recovery against the appellants.

[2] Rogers, who bears the burden of proving the amount of his damages, failed to produce any evidence that Jewell Ridge had the capacity to double its output for the years in question. Presumably, if Jewell Ridge could have profitably sold more than a million tons of coal, it would have done so.

gests that Jewell Ridge should be required to wait decades (until Rogers' coal is exhausted) to recoup its damages.

Although Jewell Ridge is entitled to immediate recoupment of its damages, the proper recoupment formula is one-half of the next coal mined on Rogers' property which exceeds that mined on PMC's property. Permitting immediate recoupment on only one-half of the excess coal mined on Rogers' property protects Rogers' contractual right to substantially equal mining. This can best be demonstrated by a simple example. Assume that in year one, Jewell Ridge breached its contract and mined a million tons of coal on PMC's property and none on Rogers', and paid Rogers damages on 500,000 tons (in effect what occurred here). Because of the damage award, Rogers' property has, at the end of year one, in effect been mined on a substantially equal basis. Assume in year two, in order to recoup its damages, Jewell Ridge mines 500,000 tons from Rogers' property and none from PMC's. If Jewell Ridge were entitled to recoup all 500,000 tons, then, after year two, Rogers would have been paid for only 500,000 tons despite the fact that 1,500,000 tons were mined, thus depriving Rogers of an equal proportion. However, if Jewell Ridge were entitled to recoup one-half the excess coal mined on Rogers' property, then, after year two, Rogers would have received royalties on 750,000 tons, one-half of the 1,500,000 tons mined, and thus would receive the benefit of his bargain while Jewell Ridge would receive the right to immediate recoupment (and could recoup the remaining 250,000 tons in a later year). Thus, under the coal lease, Jewell Ridge is entitled to recoup its damages in the amount of one-half of every ton mined on Rogers' property that exceeds that mined on PMC's property in a given year.

Rogers also cross-appeals the district court's determination that the lease provided Jewell Ridge the right to process and dump non-Rogers Jewell Ridge coal at a plant located on Rogers' property. We have carefully considered the arguments raised by the parties in their briefs and at oral argument, and we affirm the judgment of the district court concerning the issues raised in the cross-appeal on the reasoning of that court.

CONCLUSION

We affirm the judgment of the district court except insofar as it relates to the calculation of damages and the timing and calculation

5

of recoupment. We remand the case to the district court to recalculate damages based on one-half of the difference between the coal mined on PMC's property and the coal mined on Rogers' property.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS</u>